.WILSON T. HARKNESS v. STATE OF MISSISSIPPI.

[48 South. 294.]

1. CRIMINAL LAW AND PROCEDURE. *Indictment. Affidavit. Charging crime. Essentials.*

An indictment must charge the acts constituting the offense directly, clearly and precisely, and not argumentatively, inferentially, or by process of exclusion; and the same is true of an affidavit charging an offense.

2. SAME. *Primary election. Code* 1906, § 3728. *Publication respecting candidates.*

An affidavit seeking to charge a violation of Code 1906, § 3728, making it a misdemeanor to publish unsigned printed matter touching a primary election or a candidate thereat, is defective if it fail to directly and positively charge that the election was lawfully called.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

Harkness, appellant, was convicted in the court of a justice of the peace of having violated Code 1906 § 3728, set out in the opinion of the supreme court and appealed to the circuit court. He was tried *de novo* in the circuit court and again convicted and appealed to the supreme court. The facts are stated in the opinion of the court.

*Barrett & Taylor,* for appellant.

The demurrer to the affidavit should have been sustained, it being vague and uncertain as to what primary election, if any,

was held, and it does not show that it was a political party primary of any kind.

While ordinarily the Democratic party is considered 'a white man's party the evidence showed that the one in question was not a Democratic party primary or Democratic white man's primary, because Republicans voted therein, and it was evidently called for the purpose of. letting the white people, be they Democrats, Republicans, or what not, vote.

The statute itself is void for uncertainty as it does not say who is to be the party to be punished thereunder, whose duty. it is to put the name and address of the author and publisher thereon, and it does not provide that the circulating of an unsigned pamphlet shall be a misdemeanor;. it does not say the author of it shall be guilty of a misdemeanor; it does not say that anything that this defendant has done or failed to do should make him a criminal; it merely says that a placard, etc., having reference to the primary election or to any candidate shall bear upon the face thereon the name and address of the author and of the printer or publisher thereof, and failure to so provide shall be a misdemeanor. A failure by whom? It does not so state. Surely the author could not be compelled to put the printer's name on there. The author does not print it.

*George Butler,* assistant attorney-general, for appellee.

The affidavit, leaving off the formal parts, is as follows: "That W. T. Harkness on or about the 7th day of July, 1908, in said county did unlawfully have published and circulated a placard or poster having reference to affiant, a candidate at the municipal primary election of Biloxi, Mississippi, without bearing upon the face of the said placards or posters the name and address of the author thereof, in violation of section 3728 of the Code of 1906, against the peace and dignity of the State of Mississippi."

The affidavit charged that appellant did have published and

circulated a placard or poster having reference to affiant (Tolbot) a candidate, etc., without having upon the face of it the name or address of the author thereof. This is in the language of the statute.

It is next said that the prosecution must fail because it was not alleged or proven that Tolbot was a candidate of a political party primary; that the chapter deals with known state political party primaries. All state political nominations under the primary system must be made by a political party having the party machinery, etc. But in municipal affairs the legislature dealt with well known conditions and provided that nominations for all municipal offices shall be made at a primary election.

Appellant says that the statute is void for uncertainty. The statute manifestly means that no placard, poster, etc., having reference to a primary election or to any candidate thereof, shall be printed and published, that is sent forth for distribution or circulated without the name and address of the author and the printer and publisher thereon. There must be some publication, or the printing must be with the intent to publish. Simply to print a poster, and then to immediately destroy, with no intent of circulation or publication, would be no offense. But where, as here, there is printed and published such a placard, without the printer and publisher's and author's name and address, both the author and the publisher is guilty of a violation of the statute. Without the co-operation of each the publication could not be made, and all who aid and abet in the commission of a misdemeanor are guilty as a principal.

WHITFIELD, C. J., delivered the opinion of the court.

Section 3728, Code of 1906, is in the following words: "Placards, Posters, Pamphlets, etc.—Every placard, bill, poster, pamphlet or other printed matter, having reference to the primary election, or to any candidate, shall bear upon the face thereof the name and the address of the author, and of

the printer and publisher thereof, and failure to so provide shall be a misdemeanor."

Under this section the following affidavit, omitting formal parts, was made out, charging appellant with violation of said section: "That W. T. Harkness, on or about the 7th day of July, 1908, in said county, did unlawfully have published and circulated a placard or poster having reference to affiant, a candidate at the municipal primary election of Biloxi, Mississippi, without bearing upon the face of said placards or posters the name and address of the author thereof, in violation of section 3728, Code of 1906, against the peace and dignity of the state of Mississippi."

A demurrer was interposed to this affidavit on the ground first, that the same was vague and indefinite, and charged no crime. There were two other grounds we do not deem it necessary now to notice. This affidavit does not charge directly, as is required in accusations of crime, the material averment that any municipal primary election was held in Biloxi at all. The direct charge is, simply, that Harkness "did unlawfully have published and circulated a placard or poster having reference to affiant." The clause in apposition follows, to wit: "A candidate at the municipal primary election of Biloxi, Mississippi." This is no direct charge, positively and clearly, that any such election was held. It is a mere clause of a participal character, an apposition clause, from which, at most, the fact that any election was held in Biloxi, Miss., might be remotely inferred. Neither does this affidavit charge, as we think it must, under section 3728, that any primary election was lawfully called and held by the properly constituted authorities. The affidavit is wholly vague, indefinite, and insufficient.

It is said that the affidavit is in the language of the statute. But this is one of those cases in which the averments in the affidavit must be expanded beyond the language of the statute, to charge any crime at all. The case falls exactly within the

principle announced in *Fire Insurance Companies v. State,* 75 Miss. 24, at page 39, 22 South. 99, at page 103, where we said that the fundamental rule as to an indictment was that it "must charge the acts constituting the offense directly, clearly, and precisely, and not argumentatively, inferentially, or by the process of exclusion," citing the Encyclopædia of Pleading & Practice, vol. 4, p. 722. Where is there any direct, precise, and positive charge in this affidavit that any primary election was held at all in the city of Biloxi? Manifestly none. The very most that can be said in regard to this charge is that it is inferentially adumbrated in the affidavit. This falls far short of the clearness required when the citizen is put to his defense at the bar of his country on a charge of crime.

The judgment is *reversed,* the demurrer sustained, and the cause *remanded.*