STATE OF MISSISSIPPI v. WILSON T. HARKNESS.

## [53 South. 413.]

CRIMINAL LAW AND PROCEDURE. *Indictment. Affidavit. Primary elections. Code 1906, § 3728. Publication respecting candidates.*

An affidavit seeking to charge a violation of Code 1906, § 3728, making it a misdemeanor to publish unsigned printed matter touching a primary election or a candidate thereat, is defective if it fail to allege the political party holding the primary election and to show that the primary was lawfully called by the properly constituted party authorities.

FROM the circuit court of Harrison county.

HON. D. M. GRAHAM, Special Judge.

Harkness, appellee, was defendant in the court below. From a judgment sustaining a demurrer to the amended affidavit seeking to charge defendant with a misdemeanor and discharging the defendant, the state appealed to the supreme court.

The case was once before in the supreme court and is reported, *Harkness v. State,* 95 Miss. 506, 48 South. 294, where the original affidavit was held to be insufficient. The facts are stated in the opinion of the court.

*James R. McDowell,* assistant attorney-general, for appellant.

The affidavit charges in the language of the statute that the defendant committed the offense there prohibited, and then proceeds in detail to set out all of the various steps necessary to lay the foundation for the affidavit, thus meeting in every respect the objections made to the original affidavit.

There is nothing vague, indefinite, uncertain, insufficient, or argumentative in the charge as now presented. It does not state conclusions of the affiant, but states fully all of the facts comprising the offense.

It is not necessary that the affidavit allege that the primary election is a party primary. This is not required by section 3728, nor does section 3726 on the subject of municipal primaries require that only party primaries may be held. It provides in plain language that municipal officers which are elective shall be named at a primary election.

It does not provide that party candidates for municipal offices shall be named at party primaries, as is provided in section 3697, for state, district, and county candidates.

Again, even if it were necessary that the primary be held and participated in only by members of a political party, it would be unnecessary to charge this fact in the affidavit. All that is necessary is that it should be a legal primary, called and held in a lawful manner by the proper authorities.

*J. L. Taylor,* for appellee.

The amended affidavit does not state facts sufficient to show that any primary election such as contemplated by law was ever properly called by the properly constituted authority, but what it does state is the mere conclusion of the pleader; it does not state that there was an executive committee or any political party for the city of Biloxi; and again it does not say that any political party had anything to do with this primary election.

Code 1906, § 3717, states who shall be eligible to participate in primary elections and among other provisions it says that he must be in accord with the party holding such primary within the two preceding years, and is not excluded from such primary by any regulation of the state executive committee of the party holding the primary and any member of the party holding the primary may challenge any person offering to vote, and cause him to answer, under oath, concerning his qualifications.

SMITH, J., delivered the opinion of the court.

This is an appeal by the state from a judgment in the court

below sustaining a demurrer to the amended affidavit. The offense with which appellee was sought to be charged was that of publishing and circulating a placard or poster having reference to one of the candidates in a municipal primary election, without same having upon its face the name of the author thereof, in violation of Code 1906, § 3728. The case was before this court once before, and the judgment then appealed from was reversed because the affidavit did not allege that a primary election was in fact held, and that same was "lawfully called and held by the properly constituted authorities." 95 Miss. 506, 48 South. 294. Upon the return of the case to the court below, the affidavit was amended, and, as amended, alleged "that on or about the 7th day of July, A. D. 1908, there was lawfully held in the city of Biloxi, Harrison county, Mississippi, by the lawfully and properly constituted authorities for the holding of municipal elections in said city of Biloxi, a municipal primary election for the nomination of municipal officers in and for said city of Biloxi which said municipal primary election at some time previous thereto in said city of Biloxi had been lawfully and properly called. by the municipal executive committee for said city of Biloxi," etc. To this amended affidavit a demurrer was filed, with the result above set out.

Section 3726 of the Code, as the same stood prior to the amendment thereof by the legislature of 1910 (Laws 1910, ch. 209), and at the time this prosecution was begun, provides: "Nominations for all municipal officers which are elective shall be made at a primary election to be held at a time to be fixed by the municipal executive committee," etc. This section is a part of the primary election chapter of the Code. The whole scheme of this chapter is to make compulsory, by means of a primary election, the nomination of all candidates for office made by a political party; each party holding its own election. Its opening section, No. 3697, provides: "All nominations for state, district, county and county district officers, made by the different parties of this state, shall

hereafter be made by primary election," etc. Every primary election held under the provision of this chapter must, of necessity, be a party primary, and the affidavit should have so charged, designating such party by name, in order to identify the particular primary election with reference to which it was intended to charge the commission of the offense; and, in order that it might appear that such primary election was "lawfully called and held by the properly constituted authorities," the affidavit should have alleged that it was called and held by the municipal *party* executive committee.

The demurrer to the indictment was therefore properly sustained, and the judgment of the court below is affirmed.

*Affirmed.*